UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS LEVOYES DAVIS, | ) | 1:10-CV-00314 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| v. | ) | ORDER DENYING MOTIONS |
| | ) | [Docs. #3,8] |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| H. A. RIOS, JR., | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO SEND FORMS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**DISCUSSION**

On February 23, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. In his petition, Petitioner requests a transfer to another facility claiming his life is in danger as a result of being placed in protective custody and being forced to room with a dangerous cellmate. He also claims that prison staff have made threats against his life.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The outstanding motions are DENIED as moot;

3) The Clerk of Court is DIRECTED to enter judgment and close the case;

4) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983; and

5) A certificate of appealability is not required in this case. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).


IT IS SO ORDERED.

**Dated:   March 17, 2010**              /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE